# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, A NATIONAL ASSOCIATION,<br>Appellant,<br>vs.<br>SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondent. | No. 69323 |

FILED

JUN 1 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant Bank of America challenges the relevant provision in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLP*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.

We further agree with the district court that there was no question of material fact that the HOA's 2011 foreclosure sale extinguished Bank of America's deed of trust and that respondent SFR Investments was entitled to summary judgment. *See SFR Invs. Pool 1, LLC v. U.S Bank,*

18-22876

*N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of its superpriority lien extinguishes a deed of trust). Although Bank of America contends that its agent tendered the superpriority lien amount to the HOA's agent via a February 2011 letter, we are not persuaded that Bank of America's future offer to pay the superpriority lien amount, once that amount was determined, was sufficient to constitute a valid tender.[1] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which,

---

[1]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support Bank of America's position. Those cases addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11. Here, no contractual relationship existed between Bank of America and the HOA or the HOA's agent, nor did the HOA or the HOA's agent indicate to Bank of America before the 2011 letter that any future tender would be rejected.

were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 320 P.3d 579 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Absent satisfaction of the superpriority portion of the HOA's lien or any other argument from Bank of America regarding the propriety of the 2011 foreclosure sale, that sale extinguished its deed of trust. *SFR Invs.*, 130 Nev. at 758, 334 P.3d at 419. Thus, to the extent that Bank of America's challenges to the 2013 foreclosure sale are not foreclosed by this court's decision in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale), those challenges are moot, as Bank of America's deed of trust had already been extinguished. Additionally, Bank of America has not made any equity-based challenges to the 2011 foreclosure sale. Although Bank of America suggests in passing that the HOA's agent acted in "bad faith" by not responding to Bank of America's 2011 payoff request, there is no evidence in the record indicating why the HOA's agent did not respond to that request, and it would be purely speculative to conclude that the failure to respond amounted to fraud,

unfairness, or oppression for purposes of invalidating the 2011 sale.[2] *See Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49 (recognizing that a foreclosure sale must be affected by some element of fraud, unfairness, or oppression to potentially justify invalidating the sale). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. James Crockett, District Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk

---

[2]Similarly, we disagree with Bank of America's suggestion that the 2011 foreclosure notices' failure to delineate the superpriority portion of the HOA's lien amounted to a due process violation. *Cf. SFR Invs.*, 130 Nev. at 757, 334 P.3d at 418 (observing why it was "appropriate" for the notices not to do so and explaining the various actions a deed of trust beneficiary could take to protect its security interest).